# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 24-193V

|  |  |
|---|---|
| ADAM MEDUSKI, <br><br> Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Chief Special Master Corcoran <br><br> Filed: February 4, 2025 |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Christopher Pinto, U.S. Department of Justice, Washington, DC, for Respondent.*

### RULING ON ENTITLEMENT[1]

On February 8, 2024, Adam Meduski filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a Table injury - shoulder injury related to vaccine administration ("SIRVA"), as a result of the administration of his April 25, 2023 pneumococcal conjugate ("Prevnar-20" or "PCV20") vaccination. Petition at 1. Petitioner further alleges that he suffered the residual effects of his injury for more than six months, and that there has been no prior award or settlement of a civil action on his behalf as a result of his injury. *See* Petition at ¶¶ 10-11. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On January 31, 2025, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent that the Division of Injury Compensation Programs, Department of Health and Human Services ("DICP")

> has concluded that [P]etitioner's left shoulder injury is consistent with SIRVA, as defined by the Vaccine Injury Table. 42 C.F.R. § 100.3(a)(XIV)(B), (c)(10). Specifically, [P]etitioner had no recent history of pain, inflammation, or dysfunction of his left shoulder; the onset of pain occurred within forty-eight hours after receipt of a PCV20 vaccination; the pain and limited range of motion was limited to the shoulder where the vaccine was administered; and no other condition or abnormality has been identified to explain [P]etitioner's shoulder pain. *Id.* Additionally, based on the medical records outlined above, [P]etitioner suffered the residual effects of his condition for more than six months. Therefore, based on the record as it now stands, [P]etitioner has satisfied all legal prerequisites for compensation under the Act. *See* 42 U.S.C. § 300aa-13(a)(1)(B); 42 U.S.C. § 300aa-11(c)(1)(D)(i).

*Id.* at 5.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master